## DETERMINED IN THE

# SECOND DEPARTMENT

### AT

# GENERAL TERM,

## December, 1875.

---

FRANK W. SIMSON, Respondent, *v.* CHARLES F. BROWN, Appellant.

*Bond for benefit of third person — satisfaction of by obligee — effect of.*

A mortgagee, after having duly assigned his bond and mortgage to the plaintiff, received payment thereof from the mortgagor, who paid the same in ignorance of the assignment, believing him to be still the owner of the mortgage. Subsequently upon the demand of the mortgagor, the mortgagee executed and delivered to him a bond, conditioned to pay the full amount of the bond and mortgage to the plaintiff, and to save the mortgagor harmless therefrom, the payment of which bond was guaranteed by the defendant. Thereafter the mortgagor executed and delivered to the mortgagee satisfaction of the last mentioned, indemnity, bond, which he did not however give up or cancel, but thereafter assigned it to the plaintiff. In an action by the plaintiff to recover the amount of the bond and mortgage from the defendant, the guarantor of the bond: *held*, that he was entitled to recover; that the obligation under the bond, to the plaintiff, was not discharged by the act of the mortgagor.

APPEAL from a judgment in favor of the plaintiff, entered upon a trial of this action by the court without a jury.

*A. S. Cassedy*, for the appellant.

*Groo & Wiggins*, for the respondent.

TAPPEN, J. :

The plaintiff had judgment on a trial at Circuit (a jury being waived) against the defendant for $500, as guarantor of a bond.

The prominent facts, out of which the bond and guarantee were given, are briefly as follows: One Macdonald held the bond and mortgage of one Boyd, for $500, and assigned the same to the plaintiff. Boyd subsequently, and without knowledge of the assignment, paid the mortgage debt to Macdonald. Learning afterward that the plaintiff held the bond and mortgage, Boyd applied to Macdonald for indemnity, and the bond in question was given by Macdonald, and the guarantee by the defendant. On the 13th of June, 1873, Boyd executed and delivered a satisfaction of the bond; and on the 27th of June, 1873, he assigned the same bond and guarantee to the plaintiff.

The finding of the judge is that the satisfaction-piece by Boyd was without plaintiff's knowledge. It will be seen that Macdonald was liable to the plaintiff for the amount of the bond and mortgage so paid by Boyd without notice of the assignment, and he was also liable to Boyd for any damage which the latter might sustain by Macdonald's unlawful act. Of course Boyd could not be compelled to pay the mortgage debt again, but he could compel Macdonald to refund the money.

We come now to the substance of the language of the bond and the guarantee.

The bond is to William Boyd, in the penal sum of $1,000, to be paid to his executors, administrators and assigns, and the condition is that the obligor shall "pay or cause to be paid to F. W. Simson, the full amount of the bond and mortgage for $500, made by Boyd to Macdonald, and to hold Boyd harmless therefrom, said bond and mortgage having been by Macdonald assigned to Simson."

The guarantee reads: "For value received I hereby guarantee the payment of the within bond. C. F. Brown. Dated, November 13th, 1871."

It will be seen that this bond was for the payment of a sum of money to Simson and that such payment was guaranteed by the defendant. The discharge of the bond by Boyd did not affect the rights of Simson. At the most, it could only operate to deprive Boyd of any indemnity which the instrument might have afforded him. Nor were the bond and guarantee delivered up or cancelled, at the time of Boyd's making the satisfaction-piece. On the contrary,

they were very shortly thereafter delivered by Boyd to the plaintiff with an assignment in due form. The statement of the facts would seem to lead to the legal conclusion that no act of Boyd's has sufficed to exonerate the defendant from his express liability to Simson. No consideration was given Boyd for the release, or satisfaction-piece.

Simson had his lawful claim against Macdonald for the money improperly received by the latter, and Macdonald's contract, by the condition of the bond, was that this money should be paid to Simson, and the defendant guaranteed it. Boyd might obtain security for Simson, but he could not destroy that security. It is conceded that Boyd, as mortgagor, lawfully paid his debt to Macdonald, the mortgagee, without notice of the assignment, and therefore Boyd incurred no liability to be protected by the bond now in suit; his release, therefore, did no harm, it was a satisfaction of his interest in the obligation, but the other party, the plaintiff, for whose express security and payment by its terms Macdonald executed the instrument and defendant guaranteed it, that other party has not released the parties so bound and he has a right to the maintenance of his action unimpaired by any act of Boyd, particularly, when, as in this case, he is a holder of the obligation by due assignment. The rule of a promise for the benefit of a third person, and so intended by the promisor, will uphold the case. (*Lawrence* v. *Fox*, 20 N. Y., 268 ; *Hutchings* v. *Miner*, 46 id., 456.) But here we have a direct undertaking by the defendant to pay the plaintiff a sum of money without conditions, contingencies or reservations. The case of *Merrill* v. *Green* (55 N. Y., 270), does not sustain the defense upon the facts herein conceded or proven. " It is a principle of law, long recognized and clearly established, that when one person for a valuable consideration engages with another by simple contract to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of the engagement." (*Brewer* v. *Dyer*, 7 Cush., 337.) And if A promise B for a valuable consideration to pay C, the latter may maintain assumpsit. (*Hall* v. *Marston*, 17 Mass., 575.) To recapitulate. The bond and mortgage in plaintiff's hand were destroyed and satisfied by the payment thereof, by Boyd the mortgagor, to Macdonald the mortgagee. Macdonald, therefore, owed the debt to the plaintiff,

and he gave a bond with surety and with defendant's guarantee. This bond was in form to Boyd, but its purpose was two-fold : first, to indemnify Boyd against any supposed liability to pay the money over again, and it is conceded that there was no such liability ; and second, to pay to plaintiff the debt which Macdonald owed him. Macdonald's liability to the plaintiff is also conceded, and the defendant guaranteed the payment of that debt. There were two parties, therefore, apparently interested in compelling payment, Boyd and the plaintiff. If Boyd needed no indemnity, he might to that extent release and satisfy the bond from Macdonald and the defendant, but the obligation to plaintiff was not thereby discharged.

The judgment in favor of plaintiff is affirmed with costs.

Present — TAPPEN and TALCOTT, JJ.

Ordered accordingly.